DYKEMA v GUS MACKER ENTERPRISES, INC

Docket No. 127868. Submitted March 3, 1992, at Grand Rapids.
    Decided September 8, 1992, at 9:55 A.M. Leave to appeal denied,
    442 Mich —.

Lee and Linda Dykema brought an action in the Kent Circuit
    Court against Gus Macker Enterprises, Inc., and others, seeking
    damages for injuries sustained by Lee Dykema, a nonpaying
    spectator at an outdoor basketball tournament organized and
    conducted by Gus Macker Enterprises, when he was struck by a
    falling tree limb while running for shelter during a thunder-
    storm. The court, Dennis C. Kolenda, J., granted summary
    disposition for the defendants, finding they owed no duty to Lee
    Dykema to warn of the approaching storm. The plaintiffs
    appealed.

    The Court of Appeals held:

    Summary disposition was proper. No special relationship
    existed between Dykema and Gus Macker Enterprises that
    would give rise to a duty to aid, protect, or warn with regard to
    inclement weather. There was no business invitee-invitor rela-
    tionship, and Dykema was not on the land where the tourna-
    ment was being held in connection with business dealings of
    Gus Macker Enterprises. There was no contractual or business
    relationship, and Dykema did not entrust himself to the control
    and protection of the defendants, thereby losing the ability to
    protect himself. The approach of a thunderstorm is readily
    apparent to a reasonably prudent person, and it is that person's
    responsibility to seek protection from the weather.

    Affirmed.

1. NEGLIGENCE — DUTY — SPECIAL RELATIONSHIPS.

    Generally, there is no duty to aid or protect another unless a
    special relationship exists; whether such a relationship exists in
    a particular case depends upon whether the plaintiff's safety
    was entrusted to the control and protection of the defendant,
    with a consequent loss of control over self-protection.

REFERENCES

Am Jur 2d, Negligence §§ 86, 87, 89-95.
See the Index to Annotations under Negligence.

2. NEGLIGENCE — OUTDOOR EVENTS — WEATHER CONDITIONS — DUTY
   TO WARN.
   An organizer of an outdoor event has no duty to warn a spectator
   of a weather condition that is readily apparent and to which
   the spectator can react.

*Gruel, Mills, Nims & Pylman* (by *Grant J. Gruel* and *Brion J. Brooks*), for the plaintiffs.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for the defendants.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

MICHAEL J. KELLY, J. Plaintiffs, Lee Dykema and Linda Dykema, appeal as of right from the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

In July 1988, defendant Gus Macker Enterprises, Inc., organized and conducted the Gus Macker basketball tournament. Defendants Primebank Financial Corporation and Reebok International, Ltd., were official sponsors and advertisers of the basketball tournament. The tournament was held outdoors on the public streets of Belding, Michigan. Spectators were charged no admission fee and were free to move about and watch the various basketball games in progress. On July 10, 1988, Lee Dykema attended the tournament as a nonpaying spectator. (Because Linda Dykema's claim is derivative, we hereafter use plaintiff in the singular to refer to Lee Dykema.) At approximately 4:30 P.M., a thunderstorm struck the area. During the storm, the winds were blowing in excess of forty miles an hour. Plaintiff, while

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

running for shelter, was struck by a falling tree limb and paralyzed.

Plaintiff argues that because of the special relationship that existed between Gus Macker Enterprises, Inc. (hereafter defendant), the organizer of the outdoor basketball tournament, and himself, a spectator at the tournament, defendant was under a duty to warn plaintiff of the approaching thunderstorm. We acknowledge that this is an issue of first impression in Michigan, and hold that defendant was under no duty to warn plaintiff of the approaching thunderstorm.

In order to assert negligence, a plaintiff must establish the existence of a duty owed by the defendant to the plaintiff. *Douglas v Elba, Inc,* 184 Mich App 160, 163; 457 NW2d 117 (1990); *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984). The term "duty" has been defined as "essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977); *Horn v Arco Petroleum Co,* 170 Mich App 390, 392; 427 NW2d 582 (1988). The general rule is that there is no duty to aid or protect another. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 499; 418 NW2d 381 (1988). However, there is a limited exception to this rule. A duty may be found if there is a special relationship between the plaintiff and the defendant. *Id.; DeMare v Woodbridge 1985, Inc,* 182 Mich App 356, 358; 451 NW2d 871 (1990). Some generally recognized "special relationships" include common carrier-passenger, innkeeper-guest, employer-employee, landlord-tenant, and invitor-invitee. *Williams, supra* at 499. The rationale behind imposing a legal duty to act in these special relationships is based on the ele-

ment of control. *Id.* In a special relationship, one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself. *Id.* The duty to protect is imposed upon the person in control because he is in the best position to provide a place of safety. Thus, the determination whether a duty-imposing special relationship exists in a particular case involves the determination whether the plaintiff entrusted himself to the control and protection of the defendant, with a consequent loss of control to protect himself. *Id.* at 499; *Perez v KFC National Management Co, Inc,* 183 Mich App 265; 454 NW2d 145 (1990).

In order to determine whether a "special relationship" giving rise to a legal duty to act does exist in a particular case, this Court has held that it is necessary to

> balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties. . . . Other factors which may give rise to a duty include the foreseeability of the [harm], the defendant's ability to comply with the proposed duty, the victim's inability to protect himself from the [harm], the costs of providing protection, and whether the plaintiff had bestowed some economic benefit on the defendant. [*Roberts v Pinkins,* 171 Mich App 648, 652-653; 430 NW2d 808 (1988).]

If a trial court determines that, as a matter of law, the defendant owed no duty to the plaintiff, summary disposition is properly granted in the defendant's favor under MCR 2.116(C)(8). *Roberts, supra* at 652.

Our review of the record indicates that no special relationship existed between plaintiff and de-

fendant. Contrary to plaintiff's argument, plaintiff and defendant were not engaged in a business invitee-invitor relationship at the time of plaintiff's accident. Plaintiff was not on the land where the basketball tournament was being held in connection "with business dealings" of defendant. *Preston v Sleziak*, 383 Mich 442, 450; 175 NW2d 759 (1970). In support of this conclusion, we note that plaintiff paid no admission fee to observe the tournament, and no contractual or business relationship was shown to exist between plaintiff and defendant. Nor do we perceive any other type of special relationship from which a duty to warn could arise with regard to inclement weather. There is no indication in the record that plaintiff entrusted himself to the control and protection of defendant. Further, there is no indication that, pursuant to his relationship with defendant, plaintiff lost the ability to protect himself. Plaintiff was free to leave the tournament at anytime, and his movements were not restricted by defendant. He was able to see the changing weather conditions by looking at the sky and was able to seek shelter as the storm approached. Clearly, plaintiff did not entrust himself to the control and protection of defendant, with a consequent loss of control to protect himself. *Williams, supra; Perez, supra.* Because no special relationship existed between plaintiff and defendant, defendant was under no duty to warn plaintiff of the approaching thunderstorm. *Moning, supra* at 438-439.

Even if plaintiff had succeeded in establishing that a special relationship existed between himself and defendant, we are unable to find precedent for imposing a duty upon an organizer of an outdoor event such as this basketball tournament to warn a spectator of approaching severe weather. As we previously indicated, such a duty has not been

recognized in Michigan, and, apparently, no other jurisdiction has constructed one. In fact, the Tennessee Supreme Court has recently held that a state-owned golf course does not owe, as part of its duty of reasonable care, a duty to warn its patrons of the dangers of lightning. In *Hames v Tennessee,* 808 SW2d 41, 45 (Tenn, 1991), the court stated:

> We also think the risks and dangers associated with playing golf in a lightning storm are rather obvious to most adults. . . . It is reasonable to infer that a reasonably prudent adult can recognize the approach of a severe thunderstorm and know that it is time to pack up the clubs and leave before the storm begins to wreak havoc.

We agree with the *Hames* court that the approach of a thunderstorm is readily apparent to reasonably prudent people, and that therefore, it is one's own responsibility to protect himself from the weather. We believe it would be unreasonable to impose a duty on the organizer of an outdoor event to warn a spectator of a condition that the spectator is fully able to observe and react to on his own. As the *Hames* court indicated, "[n]o warning device could be louder or be more accurate than thunder." *Id.* at 43.

In light of our disposition of this issue, we need not reach the other issue raised by plaintiff on appeal.

Affirmed.