# STATE OF MICHIGAN

# COURT OF APPEALS

IBTIHAJ SHAMMOUT, a Minor, by her Next
Friend, HANI SHAMMOUT,

       Plaintiff-Appellant,

and

ARWA SHAMMOUT,

       Plaintiff,

v

KALAMAZOO JAYCEE,

       Defendant/Cross-Defendant/Cross-
       Plaintiff-Appellee,

and

DASTOLI & ASSOCIATES, INC. a/k/a UNITED
RENTAL,

       Defendant/Cross-Plaintiff-Appellee,

and

SHAWARMA KING, INC.,

       Defendant,

and

SHAWARMA KING FOUR, INC.,

       Defendant/Cross-Defendant-
       Appellee,

and

EVENTS, INC.,

UNPUBLISHED
March 29, 2016

No. 323532
Kalamazoo Circuit Court
LC No. 12-000251-NI

-1-

Defendant/Cross-Plaintiff/Cross-
Defendant-Appellee.

---

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In this suit to recover for injuries, plaintiffs, Arwa Shammout and Ibtihaj Shammout, by her next friend, Hani Shammout, appeal by right the trial court's order granting the motions for summary disposition by defendants, Kalamazoo Jaycee (Jaycee), Dastoli & Associates, Inc. (Dastoli), Shawarma King Four, Inc. (Shawarma)[1], and Events, Inc. (Events). The trial court determined that the undisputed evidence showed that Jaycee, Dastoli, Shawarma, and Events did not breach any duty that they owed to Arwa or Ibtihaj. Accordingly, it dismissed their claims under MCR 2.116(C)(10). We agree that the undisputed evidence showed that Jaycee, Dastoli, and Events were entitled to summary disposition. However, we conclude that the trial court erred when it dismissed the claims against Shawarma; as a premises possessor, Shawarma owed Arwa and Ibtihaj a duty of care and there was evidence that—when considered in the light most favorable to them—would permit a reasonable jury to find that Shawarma breached the duty and caused the injuries at issue. For these reasons, we affirm in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

In June 2010, Arwa and her then six-year-old daughter, Ibtihaj, went to the Kalamazoo Island Festival. Arwa went to the festival to deliver food to her son, Kameel, who was working in a food booth operated by Shawarma in the food vendor tent.

Jaycee organized and sponsored the Festival. It contracted with Events to manage the Festival, and Dastoli delivered and installed the tents and other rented implements. Shawarma operated a portable hot-oil fryer in the preparation of its food, which it placed on a table in the food tent. At some point relatively soon after Arwa and Ibtihaj arrived, a strong storm hit the Festival. The winds billowed in the tent walls, which apparently struck and knocked over the table with the hot-oil fryer. The hot oil splattered and burned Arwa. When she saw that her mother was hurt, Ibtihaj ran over to her and was also burned.

Plaintiffs sued Jaycee, Dastoli, Events, and Shawarma for ordinary negligence and premises liability. Jaycee, Dastoli, Events, and Shawarma each moved for summary disposition under MCR 2.116(C)(10). They argued that they did not owe Arwa or Ibtihaj any duty under the facts. The trial court agreed and granted their motions.

Arwa and Ibtihaj now appeal in this Court.

---

[1] Defendant, Shawarma King, Inc., appears to be a prior corporate name for Shawarma.

## II. SUMMARY DISPOSITION

### A. STANDARDS OF REVIEW

On appeal, Arwa and Ibtihaj argue that the trial court erred when it dismissed their claims under MCR 2.116(C)(10). Specifically, they maintain that the trial court erred when it determined that Jaycee, Dastoli, Events, and Shawarma did not owe them any duty of care. This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). This Court reviews de novo whether a defendant owed a duty in a negligence action. See *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).

### B. ANALYSIS

"Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Ernsting*, 274 Mich App at 509. "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ." *Id.* at 510. All reasonable inferences are to be drawn in favor of the nonmoving party. *Dextrom v Wexford Co*, 287 Mich App 406, 415; 789 NW2d 211 (2010).

In a negligence action, the plaintiff must be able to prove that the defendant owed him or her a duty of care. *Doe v Henry Ford Health Sys*, 308 Mich App 592, 600; 865 NW2d 915 (2014). As our Supreme Court has stated, "there can be no tort liability unless defendants owed a duty to plaintiff." *Fultz*, 470 Mich at 463 (quotation marks and citation omitted).

The common law imposes a duty upon "every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others." *Clark v Dalman*, 379 Mich 251, 261; 150 NW2d 755 (1967). Every person has a duty to "so act, or to use that which he controls, as not to injure another." *Id.* Although a person has a duty to refrain from acting or using that which he controls in a way that injures another, a "person generally does not have a duty to protect or intervene to help others who might be in danger." *Bailey v Schaaf (On Remand)*, 304 Mich App 324, 340; 852 NW2d 180 (2014), vacated not in relevant part 497 Mich 927, citing *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 498-499; 418 NW2d 381 (1988). Nevertheless, "a person may become obligated to act to protect another on the basis of certain special relationships." *Bailey*, 304 Mich App at 340. One such special relationship is the relationship between a premises possessor and his or her invitees or licensees. *Id.* at 341.

### 1. JAYCEE AND EVENTS

Here, there was no evidence that Jaycee or Events took any action that caused the hot-oil fryer to fall and injure Arwa and Ibtihaj. Moreover, to the extent that Arwa and Ibtihaj's visit to the festival gave rise to a special relationship with Jaycee and Events—as the organizer and manager of the festival—this Court has held that there is no duty on the "organizer of an outdoor event . . . to warn a spectator of approaching severe weather." *Dykema v Gus Macker Enterprises, Inc*, 196 Mich App 6, 10; 492 NW2d 472 (1992). Instead, inclement weather is

-3-

"readily apparent to reasonably prudent people" and, as such, it is "one's own responsibility to protect himself from the weather." *Id.* at 11. Because Jaycee and Events did not actively contribute to the creation of the danger at issue and had no duty to warn of impending inclement weather, the trial court did not err when it determined that Arwa and Ibtihaj could not establish that either Jaycee or Events breached its duty of care to them.

Arwa and Ibtihaj argue that Events and Dastoli owed them a duty to exercise reasonable care in their contractual undertakings. Specifically, they cite a provision in the Events-Dastoli contract wherein Events agreed not to allow cooking underneath the tents. However, in *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 170; 809 NW2d 553 (2011), the Supreme Court noted that "the mere existence of a contractual promise does not ordinarily provide a basis for a duty of care to a third party in tort." Instead, they must plead and be able to prove that Events and Dastoli breached a duty to them that was separate and distinct from the duties owed under the contract. See *Bailey*, 304 Mich App at 339. As already noted, neither Jaycee nor Events took any action to create the danger posed by the hot-oil fryer and neither had a duty to warn or protect Arwa or Ibtihaj from the weather.

In the alternative, Arwa and Ibtihaj argue that Events voluntarily undertook the task of monitoring the weather and using the information to protect the festivalgoers. For that reason, they contend, Events agreed to conduct this task with reasonable care and failed to do so by warning the festivalgoers belatedly and inadequately.

"If one voluntarily undertakes to perform an act, having no prior obligation to do so, a duty may arise to perform the act in a nonnegligent manner." *Fultz*, 470 Mich at 465. However, "a promise to guarantee the personal safety of another cannot be inferred from circumstances or from ambiguous representations." *Scott v Harper Recreation, Inc*, 444 Mich 441, 451 n 12; 506 NW2d 857 (1993). Here, there is no evidence that Jaycees or Events explicitly guaranteed the safety of Arwa or Ibtihaj with regard to inclement weather or the appliances used by vendors. Thus, there is no evidence to support the imposition of this duty.

Additionally, even if Events voluntarily assumed a duty to warn about the weather, there is no evidence that the steps it took to do so were unreasonable. Arwa and Ibtihaj assert that Events "belatedly and ineffectively" executed its voluntarily assumed duty to warn of the impending storm, but they failed to present any evidence to establish a breach of that duty. See *Badiee v Brighton Area Schs*, 265 Mich App 343, 379; 695 NW2d 521 (2005). Testimony showed that Events told security personnel to tell patrons and vendors of the impending storm and advise them to either leave the vendor tent or move to the middle. And there was no evidence to establish that this was an unreasonable response. The evidence, even when viewed in the light most favorable to Arwa and Ibtihaj, established that Events took reasonable steps to insure that the warning would reach the vendors and visitors in time to allow them to get to safety. Consequently, even if Events voluntarily undertook a duty to monitor the weather and inform vendors and visitors of the danger, the undisputed evidence showed that it executed that duty with reasonable care.

The trial court did not err when it dismissed the claims against Jaycee and Events. Having determined that the trial court did not err in granting summary disposition in favor of Events, we need not address Arwa and Ibtihaj's argument that Jaycee is vicariously liable for Events' alleged negligence.

## 2. DASTOLI

Arwa and Ibtihaj argue that Dastoli breached its duty of reasonable care when it installed the tent flap behind the fryer despite knowing that a storm was imminent. John Dastoli, the owner of Dastoli, testified that he personally hung the tent flap behind Shawarma's cooking station approximately two hours before the storm hit. He stated that he installed the flap to "a hundred percent of [its] ability" and "made sure everything was tightened down as much as possible." Dastoli stated that, at the time, he was only aware that a storm was coming, not that anything "out of the ordinary" would occur and, that, under those circumstances, such tent flaps were not normally taken down.

Dastoli was required to exercise reasonable care in its installation of the tent flap. See *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). To the extent the trial court ruled that Dastoli owed no duty, that ruling was in error. Nevertheless, there is no evidence that Dastoli incorrectly installed the tent flap. Dastoli also testified that tent flaps are normally left up during storms without incident. Indeed, Dastoli testified that leaving the tent flaps in place often increases the safety of the tent, as they can direct wind up and over the tent. Accordingly, even viewing the facts in the light most favorable to Arwa and Ibtihaj, the undisputed evidence established that Dastoli correctly installed the tent flap and that it was not unreasonable to install the tent flap under the circumstances. Thus, even though Dastoli owed Arwa and Ibtihaj a duty of reasonable care in installing the tent flap, Arwa and Ibtihaj failed to present evidence that—if believed—would establish a question of fact as to whether Dastoli breached that duty. See *Doe*, 308 Mich App at 600. Consequently, the trial court did not err in dismissing the claim against Dastoli. See *Etefia v Credit Technologies, Inc*, 245 Mich App 466, 470; 628 NW2d 577 (2001) (noting that this Court will not reverse a trial court's order if it reached the right result even if for the wrong reason.).

## 3. SHAWARMA

Arwa and Ibtihaj argue that Shawarma owed them a duty under common-law negligence and premises liability. Specifically, they contend that Shawarma had a duty to move the fryer away from the tent wall when the wind picked up because Shawarma had created that dangerous condition. Shawarma responds that the claim by Arwa and Ibtihaj sounds only in premises liability and, therefore, is barred by the open and obvious danger doctrine.

> Courts are not bound by the labels that parties attach to their claims. Indeed, it is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim. Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land. In the latter case, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land. If the plaintiff's injury arose from an

-5-

allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. [*Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012) (quotation marks and citations omitted).]

This distinction is particularly important because the open and obvious danger doctrine is available as a defense to a premises liability claim "whether the plaintiff has pleaded the claim as a failure to warn of a dangerous condition or as a breach of duty in allowing the dangerous condition to exist[.]" *Laier v Kitchen*, 266 Mich App 482, 489-490; 702 NW2d 199 (2005). In addition, an injury arising from an instrumentality on the land may give rise to a claim of premises liability. See *Eason v Coggins Mem Christian Methodist Episcopal Church*, 210 Mich App 261, 264; 532 NW2d 882 (1995).

Arwa and Ibtihaj assert that Shawarma created a dangerous condition on the premises by placing the fryer too close to the tent edge and failing to take reasonable steps to secure the fryer or reduce the hazard once warned of the incoming storm. Arwa and Ibtihaj did not allege that Shawarma's negligent operation of the fryer (or other instruments) caused the injuries at issue. Rather, it is clear that Arwa and Ibtihaj alleged that Shawarma is liable for either failing to warn them of the danger posed by the fryer, especially under the emerging conditions, or for allowing the danger to persist under the circumstances. These claims sound in premises liability. Accordingly, the open and obvious danger doctrine is a defense. *Laier*, 266 Mich App at 489-490.

The undisputed evidence shows that Arwa and Ibtihaj were in the area under Shawarma's possession and control by consent and were not there for a commercial purpose;[2] as such, they were licensees. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). A premises possessor owes a duty "to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Id.* at 596. However, a premises possessor does not have a duty to warn about or rectify dangerous conditions that are so obvious that the licensee might reasonably be expected to discover them. *Pippin v Atallah*, 245 Mich App 136, 143; 626 NW2d 911 (2001). "A dangerous condition is open and obvious if an average user with ordinary intelligence acting under the same conditions would have been able to discover the danger and the risk presented by the condition upon casual inspection." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 576-577; 844 NW2d 178 (2014).

The evidence showed that Shawarma operated the fryer on an open table that was between seven and eight feet from where Arwa sat. Shawarma was actively cooking food prior to the storm and an average person with ordinary intelligence would have realized that the fryer was in operation. Similarly, an average person with ordinary intelligence knows that there is some danger of burns from an operational fryer and will ordinarily be able to take reasonable

---

[2] Contrary to Arwa and Ibtihaj's argument on appeal, Arwa's decision to deliver food to her son at his request did not amount to a visit for a business purpose.

-6-

steps to avoid the risk. Under the totality of the circumstances present on the day at issue, a reasonable jury might also infer that an average user with ordinary intelligence would have realized that the danger posed by the fryer included a risk that the fryer might tip over and spill hot oil. But a reasonable jury could also infer that an average user with ordinary intelligence would not have realized the full danger. An average user would not be able to discern on casual inspection a variety of factors that affected the danger posed by the fryer. By way of example, an average user would not on casual inspection know the amount of hot oil in the fryer, the weight of the fryer, whether it was secured in some way, or whether the table on which it sat was stable. It is thus unclear whether an average user with ordinary intelligence would have understood that the fryer could fall and injure a person sitting seven to eight feet away from it. Because there was a question of fact as to whether an average user with ordinary intelligence would have realized the danger posed by the fryer under the conditions present at the time, see *Grandberry-Lovette*, 303 Mich App at 576, it was for the jury to determine whether the open and obvious danger doctrine applied. See, e.g., *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11-12; 574 NW2d 691 (1997) ("After reviewing the record, we conclude that a genuine issue of material fact exists regarding whether the danger posed by the overhang could have been discovered upon casual inspection by a reasonable person in plaintiff's position.").

The trial court erred when it dismissed the premises liability claim against Shawarma.

### III. CONCLUSION

The trial court did not err when it dismissed the claims by Arwa and Ibtihaj against Jaycee, Events, and Dastoli. However, the trial court erred when it dismissed their premises liability claim against Shawarma. Whether the open and obvious danger doctrine applies under the facts of this case must be determined by the finder of fact.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Michael J. Kelly

-7-