# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF BRIAN C. BUSSEY, by CHERYL
MERSINO, Personal Representative,

      Plaintiff-Appellant,

v

ABC CAB, INC., ABC TRANSPORTATION,
INC., and GERALD PAGE,

      Defendants-Appellees.

UNPUBLISHED
September 20, 2018

No. 338880
Oakland Circuit Court
LC No. 2016-153363-NO

---

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff, Cheryl Mersino, personal representative of the estate of Brian C. Bussey, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendants, ABC Cab, Inc., ABC Transportation, Inc., and Gerald Page. We affirm.

## I. BACKGROUND

This case arises from the death of 49-year-old Brian Bussey. Bussey had been patronizing a bar in Farmington on Wednesday, November 26, 2014. That evening, a bartender contacted defendants' taxi service to drive Bussey home. Defendant Page picked Bussey up at the bar shortly after 9:00 p.m. and began to drive Bussey home. While Page was stopped at a traffic light, Bussey, who was intoxicated, began to fumble with the door handle. Page turned, drove a few feet, and stopped. Bussey voluntarily opened the door, paused, and ran. Page saw Bussey run toward a small field in the direction of a strip mall with a Kroger and a gas station at the intersection. Page looked for Bussey and waited in the strip mall parking lot for 5 to 10 minutes, but Bussey never returned to the taxi. Page called the bar from where he had picked Bussey up to report that Bussey never arrived at his destination. Bussey's body was discovered about four days later in a nearby wooded area. He was wearing only a T-shirt and underwear. The other pieces of clothing he had been wearing were lying in different places near his body. The medical examiner opined that Bussey died from hypothermia at an unknown time on the morning of Thursday, November 27, 2014.

Plaintiff filed this wrongful death action against defendants, alleging that defendants breached their duty of care owed to Bussey. The trial court granted defendants' motion for

-1-

summary disposition. The trial court agreed with defendants that they owed no duty to Bussey, Bussey's intoxication precluded any claim, and plaintiff could not establish proximate cause.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). The parties relied on documentary evidence outside the pleadings, so we review the motion under MCR 2.116(C)(10). See *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013). This Court reviews the evidence in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact. *Id.*

## III. DISCUSSION

To establish negligence, a plaintiff must show (1) duty, (2) breach of duty, (3) causation, and (4) damages. *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 281; 807 NW2d 407 (2011). " 'Duty' is a legally recognized obligation to conform to a particular standard of conduct toward another so as to avoid unreasonable risk of harm." *Cummins v Robinson Twp*, 283 Mich App 677, 692; 770 NW2d 421 (2009). Generally, a person does not have a legal duty to aid or protect another person. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). However, such a duty may arise if the parties have a "special relationship," including the relationship between a common carrier and a passenger. *Dykema v Gus Macker Enterprises, Inc*, 196 Mich App 6, 8; 492 NW2d 472 (1992). This dynamic asks "whether the plaintiff entrusted himself to the control and protection of the defendant, with a consequent loss of control to protect himself." *Id.* at 9. "Factors relevant to the determination whether a legal duty exists include the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *Hill*, 492 Mich at 661 (quotation marks and citation omitted). The standard of care required is the amount of care that a reasonably prudent carrier would exercise under the circumstances. *Frederick v Detroit*, 370 Mich 425, 430-432; 121 NW2d 918 (1963). "[A]ny duty ends when the relationship ends[.]" *Graves v Warner Bros*, 253 Mich App 486, 498; 656 NW2d 195 (2002). "A person's status as a passenger of a street car or automobile continues until he has safely stepped therefrom and had a reasonable opportunity to leave the place at which he alights." *Burch v A & G Assoc, Inc*, 122 Mich App 798, 806; 333 NW2d 140 (1983) (quotation marks and citation omitted).

Plaintiff argues that a special relationship existed between defendants and Bussey that required defendants to ensure that Bussey arrived home safely. Defendants do not dispute the carrier-passenger relationship and its corresponding duty of care, but defendants dispute the scope and duration of the duty. Defendants claim that the duty only related to the manner of driving and the safety of the vehicle and that any duty ended when Bussey voluntarily left the vehicle. We agree with defendants.

Once Bussey voluntarily got out of the taxi, he ended the carrier-passenger relationship, and defendants no longer owed him a duty of care as a matter of law. Plaintiff did not allege that Bussey was unable to step safely from the taxi or safely leave the area where he got out of the taxi. When Bussey voluntarily left the taxi and did not return, he no longer entrusted himself to

defendants. Defendants were no longer tasked with ensuring that Bussey reached the previously agreed-upon destination, nor were defendants required to care for him or notify someone about his condition or his hasty exit from the taxi.

Plaintiff maintains that defendants owed Bussey a higher duty than reasonable care because of his intoxication. For example, plaintiff argues that Page should have tried to discourage or prevent Bussey from getting out of the taxi and should have called for help after Bussey exited. We disagree. This Court rejected a similar argument in *Swartz v Huffmaster Alarms Sys, Inc*, 145 Mich App 431, 434-435; 377 NW2d 393 (1985). This Court explained that an independent observer to another person's intoxication does not have a legal duty to the intoxicated person as a matter of public policy, thereby removing that question from the province of the jury. *Id.* at 436. In this case, Page testified that Bussey did not exhibit any signs of being drunk and that Page could not smell the odor of alcohol on Bussey. Even if Page knew that Bussey was intoxicated, Page, who did not cause Bussey's intoxication, had no duty to take affirmative action, such as warning or restraining Bussey for his protection.

Moreover, Bussey's death was not foreseeable. Although it was a cold November evening, Bussey ran toward a small field in the direction of a strip mall with open businesses, including a supermarket. Therefore, it was not foreseeable that Bussey would freeze to death in nearby woods the following morning. Further, asking taxi drivers to physically restrain intoxicated passengers or to call the police when an intoxicated passenger unexpectedly, but voluntarily, gets out of the taxi would be overly burdensome to taxi drivers. Accordingly, we reject plaintiff's argument that defendants owed Bussey a higher duty because Bussey was intoxicated. The trial court did not err by granting defendants' motion for summary disposition.[1]

We affirm.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

---

[1] Because we conclude that defendants had no duty to Bussey after he got out of the taxi, we do not address defendants' arguments regarding MCL 600.2955a.