*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASON KIACZ,

Plaintiff-Appellant,

v

MGM GRAND DETROIT, LLC, doing business as
MGM GRAND DETROIT CASINO,

Defendant-Appellee.

UNPUBLISHED
March 2, 2023

No. 361064
Wayne Circuit Court
LC No. 19-013410-NO

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff was assaulted in defendant's parking garage by unknown assailants, and he was left unconscious on the ground for more than 20 minutes. Defendant's security personnel were unaware that the assault had occurred until plaintiff was able to enter defendant's establishment and alert them. Plaintiff then sued defendant for negligence because defendant did not prevent the assault. The trial court granted defendant summary disposition. We affirm.

Unknown assailants approached plaintiff in the early morning hours asking plaintiff for money and then escorting him into defendant's casino, past defendant's security personnel, to withdraw cash from the automatic teller machine. Once they followed plaintiff back into the parking garage, they assaulted him and broke his jaw. Defendant's security personnel called the police and emergency responders after plaintiff regained consciousness to alert defendant's employees to the assault.

Plaintiff alleged that defendant was negligent in not preventing the assault, had negligently hired or trained its security personnel, failed to abate the nuisance on its premises, and failed to exercise ordinary care as an innkeeper. During the case, plaintiff moved to compel defendant to provide more specific answers to his interrogatories, as well as requests for production, to ascertain whether defendant knew, or should have known, that criminal activities were going to occur. The trial court denied plaintiff's motion without providing a reason regarding that denial.

Defendant then moved for a protective order to prohibit plaintiff from repeatedly requesting depositions as well as "every single security incident report generated for a three-year

-1-

period before" his assault. Plaintiff responded that he was entitled to pursue his questions regarding how much information defendant had regarding the assault before it occurred. The trial court granted defendant's motion for a protective order because, it stated, "no response in opposition" had been filed.

Plaintiff also moved for sanctions against defendant for the spoliation of evidence, and he argued that defendant had not produced any videos depicting the perpetrators arrival on defendant's premises even though defendant had been able to provide those types of videos regarding other incidents. The trial court denied plaintiff's motion in a pro forma order, without oral argument, stating that there was "no reliable basis … presented [to show] that evidence existed that was not preserved or provided."

Lastly, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not demonstrate that defendant owed him a duty to protect him from the criminal actions of third parties and there was no genuine issue of material fact to demonstrate that its employees had caused plaintiff's injuries. Plaintiff responded that crime in casino parking lots is well known, and defendant negligently ignored the foreseeability of his assault. The trial court entered a pro forma order that granted defendant's motion for summary disposition, without oral argument, by merely stating that plaintiff had "not established that there was a duty owed…concerning the protection of intentional torts from third persons." The trial court then dismissed plaintiff's claims with prejudice.

Plaintiff now appeals, first arguing that the trial court erred in granting defendant summary disposition.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

"It is axiomatic that there can be no tort liability unless a defendant owed a duty to a plaintiff." *Hill v Sears, Roebuck and Co*, 492 Mich 651, 660; 822 NW2d 190 (2012) (cleaned up). The seminal case defining a merchant's duty is *MacDonald*, in which our Supreme Court stated that "a merchant has no obligation generally to anticipate and prevent criminal acts against its invitees." *MacDonald v PKT, Inc*, 464 Mich 322, 334; 628 NW2d 33 (2001). The facts in *MacDonald* are analogous to the facts in this case. In *MacDonald*, the plaintiff brought an action against the defendant for injuries she suffered during a concert at the defendant's theater as a result of sod being thrown by other concertgoers. *Id*. at 325. She alleged that the defendant was negligent in failing to provide proper security, failing to stop the performance when it should have known that continuing the performance would incite the crowd, failing to screen the crowd to eliminate intoxicated individuals, and by selling alcoholic beverages. *Id*. at 327. The *MacDonald* Court ruled:

A premises owner's duty is limited to responding reasonably to situations occurring on the premises because, as a matter of public policy, we should not expect invitors to assume that others will disobey the law. A merchant can assume that patrons will obey the criminal law. This assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee. It is only a present situation on the premises, not any past incidents, that creates a duty to respond. [*Id*. at 335.]

"[A] merchant is not obligated to do anything more than reasonably expedite the involvement of the police." *Id*. at 338. For this reason, "a plaintiff may not present evidence concerning the presence or absence of security personnel…as a basis for establishing a breach of the merchant's duty." *Id*.

In the present case, plaintiff does not argue, and there is no dispute, that defendant's security personnel called the police and emergency responders once they were alerted to the incident. Instead, plaintiff's complaint focuses on whether defendant had a duty to prevent the assault from occurring in the first place because the foreseeability of crime in casino parking lots created a duty for defendant to protect and warn plaintiff of an impending assault.

Simply put, plaintiff's arguments are contrary to the statements of law in *MacDonald*. Moreover, *MacDonald* made clear that "[i]t is only a present situation on the premises, not any past incidents, that creates a duty to respond," *id* at 335, and the presence or absence of defendant's security personnel cannot be "a basis for establishing a breach of the merchant's duty," *id* at 338.

Plaintiff argues that *MacDonald* was not meant to include casinos as the type of merchants considered in its ruling because casinos collect millions of dollars in revenue and can afford to absorb the liability for third parties' criminal acts. This argument, however, is not rooted in Michigan caselaw, and there is no evidence to suggest that our Supreme Court meant to exclude merchants who collect revenue above a threshold amount.

Plaintiff also argues that defendant owed him a special duty because defendant is an innkeeper. Our Supreme Court has "recognized that certain types of special relationships, such as common carriers and their passengers, innkeepers and their guests, and doctors and patients, justify the imposition of a duty because a person entrusts himself or herself to the control of another person." *Hill*, 492 Mich at 666. The *Hill* Court went on to explain the rationale behind imposing such duties in such situations:

Social policy has led the courts to recognize an exception to the general rule that there is no duty that obligates one person to aid or protect another where a special relationship exists between a plaintiff and a defendant. The rationale behind imposing a duty to protect in these special relationships is based on control. In each situation one person entrusts himself to the control and protection of another, with a consequent loss of control to protect himself. The duty to protect is imposed upon the person in control because he is best able to provide a place of safety. [*Id*. (cleaned up).]

Defendant being an innkeeper, however, does not automatically impose additional, and heightened, liability on defendant. Instead, the test is whether plaintiff entrusted himself to the control and protection of defendant, with a consequent loss of control to protect himself. *Dykema v Gus Macker Enterprises, Inc*, 196 Mich App 6, 9; 492 NW2d 472 (1992). In this case, there is no indication that plaintiff was a guest of the hotel. Instead, the facts demonstrate that plaintiff was an invitee of defendant-merchant-invitor, and that plaintiff had not entrusted himself to the control and protection of defendant when he could not protect himself.

Thus, there is no genuine issue of material fact that defendant did not owe a duty to plaintiff beyond expediting the involvement of the police once it was aware of the incident. The trial court did not err when it granted defendant summary disposition.

Plaintiff lastly argues that the trial court erred by denying his motion for spoliation, granting defendant's motion for a protective order, and denying plaintiff's motion for more specific answers. We review these issues for an abuse of discretion. See *Arabo v Michigan Gaming Control Bd*, 310 Mich App 370, 397; 872 NW2d 223 (2015); *Cabrera v Ekema*, 265 Mich App 402, 406; 695 NW2d 78 (2005); and *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997).

Although plaintiff's arguments have merit, and he may be correct that the trial court abused its discretion when providing no reasoning or incorrectly stating that plaintiff had not filed a response, these issues are moot. An issue is moot when it is impossible for this Court to grant relief, *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000), and there is no relief that this Court can grant to plaintiff regarding these issues because the case was properly dismissed by the trial court when it granted defendant summary disposition.

Affirmed. Defendant, as the prevailing party, may tax costs under MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle

-4-